U.S. COURT OF APPEALS
FILED
JUL 24 2001
CHARLES R. FULBRUGE III
CLERK

United States District Court
Southern District of Texas
FILED
SEP 19 2001
Michael N. Milby
Clerk of Court

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 00-41239
Summary Calendar

---

ARMANDO CURIEL-SANCHEZ,

Petitioner-Appellant,

versus

E.M. TROMINSKI, District Director, INS;
JOHN ASHCROFT, U.S. Attorney General;
UNITED STATES OF AMERICA,

Respondents-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas
(B-99-CV-3)

---

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In appealing the dismissal of his § 2241 habeas application, Armando Curiel-Sanchez contends: the district court erred in applying § 440(d) of the Antiterrorism and Effective Death Penalty Act to his conviction; and that application violates his rights under the Equal Protection Clause. Section 440(d) prohibits the Attorney General from exercising discretion to waive deportation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for aliens who are deportable for having committed certain criminal offenses.

Pursuant to a 26 January 1996 guilty plea, Appellant was convicted of delivery of cocaine. When a show cause order was issued in July 1996, Appellant sought relief from deportation under former Immigration and Naturalization Act (INA) § 212(c), which gave the Attorney General discretion to waive deportation for certain deportable aliens. But, because of the recently-enacted § 440(d), Appellant was denied relief.

This is Appellant's second appeal. In his first, *Curiel-Sanchez v. Trominski*, No. 99-40700 (5th Cir. 17 Mar. 2000) (unpublished), our court, pursuant to *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299 (5th Cir. 1999), vacated the district court's determination that § 440(d) does *not* apply to convictions that predate its enactment, and remanded the case for further proceedings consistent with *Requena*. The district court dismissed Curiel-Sanchez's habeas petition.

In *INS v. St. Cyr*, 121 S. Ct. 2271, 2001 WL 703922, at *16 (U.S. 25 June 2001), the Supreme Court concluded that the possibility of a discretionary waiver of deportation under former INA § 212(c) was a significant factor in a defendant's decision to plead guilty that could *not* be revoked retroactively. The Court held that § 212(c) relief is still available to aliens, such as Appellant, who would have been eligible for § 212(c) relief at the time of their plea. *Id.*

2

3

Accordingly, the judgment of 19 September 2000, on remand from this court, is **VACATED**, and the case is **REMANDED** to the district court with instructions to reinstate its original judgment of 6 April 1999.

*VACATED and REMANDED WITH INSTRUCTIONS*

3